IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE FRANCISCO MARIN TORRES,<br><br>Plaintiff,<br><br>vs.<br><br>MARKWAYNE MULLIN, in their official capacity as Secretary of the United States Department of Homeland Security; TODD BLANCHE, in their official capacity as Acting Attorney General of the United States; DAVID J. VENTURELLA, in their official capacity as Senior Official Performing The duties of the Director of United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as Acting St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; and ROB JEFFREYS, in their official capacity as the Services Directo of the Nebraska Department of Corrections;<br><br>Defendants. | 8:26CV350<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Jose Francisco Marin Torres' complaint for preliminary injunctive relief and petition for a writ of habeas corpus (Filing No. 1). Marin Torres, a noncitizen in removal proceedings, alleges his detention is unlawful because he has not received a bond hearing. But for the reasons set forth below, his complaint will be dismissed and his petition will be denied.

## BACKGROUND

Marin Torres is a citizen of Mexico. (Filing No. 1 at 5). He alleges he entered the United States in 2001 near Nogales, Arizona and has lived here since then. (Filing No. 1 at 1, 6).[1] Marin Torres is the father of seven children, all of whom are American citizens. (Filing No. 1 at 6).

In June 2026, U.S. Immigration and Customs Enforcement officers were conducting "enforcement operations" in Omaha, Nebraska. (Filing No. 1-1 at 4). The officers "encountered" a Ford F-150, and after a records check on the license plate, confirmed it belonged to Marin Torres. (Filing No. 1-1 at 4). Because those records indicated Marin Torres was "amenable to removal" given his noncitizen status, the officers stopped Marin Torres' truck. (Filing No. 1-1 at 4). The officers questioned Marin Torres and detained him after concluding he was a flight risk. (Filing No. 1-1 at 4). They also served him with a Notice to Appear initiating removal proceedings against him. (Filing No. 1-3). After being processed at the Omaha ICE office, Marin Torres was transferred to the McCook Detention Center in McCook, Nebraska, where he remains. (Filing No. 1 at 1).

Marin Torres sought release on bond during the pendency of those proceedings. An immigration judge denied his request, reasoning he "lack[ed] jurisdiction to conduct a bond redetermination hearing" given "the respondent's manner of entry into the United States and the charges of removability[.]" (Filing No. 1-2 at 1).

In response, Marin Torres seeks a writ of habeas corpus from this Court. Invoking the three-factor test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), Marin Torres argues his detention without a bond hearing violates his procedural and substantive due process rights. (Filing No. 1 at 12). He therefore asks to be released immediately or, alternatively, for the Court to order Respondents to set a bond hearing within seven days. (Filing No. 1 at 13).

## STANDARD OF REVIEW

Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every

---

[1] According to documents attached to his petition, however, Marin Torres told ICE officers he "unlawfully entered the [United States] in 1996[.]" (Filing No. 1-1 at 4). After a voluntary removal in 2001, the documents read, Marin Torres again entered the United States in 2008. (Filing No. 1-1 at 4). But at least part of that timeline appears internally inconsistent with other facts asserted in the document, like Marin Torres' conviction—in Omaha, Nebraska—for driving without a license in 2006. (Filing No. 1-1 at 4).

2

individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Marin Torres bears the burden to show that he is in custody in violation of the law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## DISCUSSION

28 U.S.C. § 2243 provides that the Court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, the face of Marin Torres' petition shows he is not entitled to habeas relief. For the reasons stated below, then, the Court will deny his petition without requiring the Respondents to show cause.

The Court has previously found that due process challenges raised by petitioners similarly situated to Marin Torres fail. *See, e.g., Crespo-Barragan, v. Mullin et al.,* 2026 WL 2056579 (D. Neb. July 16, 2026). It reaches the same conclusion here.

As Marin Torres notes, *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) does not foreclose his constitutional arguments. There, the Eighth Circuit held that noncitizens like Marin Torres are "applicants for admission" under that term's statutory definition, so they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* at 1134. But the court did not reach the issue of whether mandatory detention under § 1225(b)(2) raises any due process issues. *See id.* at 1140 n.8 (Erickson, J., dissenting).

The problem for Marin Torres is that extant Eighth Circuit authority says it does not. In *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024), the court reaffirmed the proposition that "[d]etention during deportation proceedings [i]s . . . constitutionally valid." *Id.* at 931 (quoting *Demore v. Kim*, 538 U.S. 510, 523 (2003)). Because "Congress may make rules as to aliens that would be unacceptable if applied to citizens," the government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* (quoting

*Demore,* 538 U.S. at 522). "In other words, the government has more flexibility when dealing with immigration." *Id.*

"The overall point," the Eighth Circuit reasoned, is that "[d]etention during removal proceedings is a constitutionally permissible part of th[e] process." *Id.* at 932. The court further noted that "nothing suggests that length [of immigration detention] determines legality." *Id.* "To the contrary, what matters is that detention pending deportation 'ha[s] a definite termination point'—deporting or releasing the alien—making it 'materially different' from the 'potentially permanent' confinement authorized by other statutes." *Id.* (citations omitted).

*Banyee* also precludes Marin Torres' reliance on *Mathews*. Cases like *Demore* and *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) "leave no room for a multi-factor 'reasonableness' test." *Id.* at 933. While it is true that "deciding what process is due ordinarily requires a form of interest balancing," those cases "have already done whatever balancing is necessary" in the detention context *Id. See, e.g., Demore*, 538 U.S. at 528 (explaining that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means," so it is sufficient if "detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings"); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (linking a reasonable time limitation for detention to "the likelihood of removal in the reasonably foreseeable future"). As the Eighth Circuit noted, "the lead *dissent* in *Demore* advocated for the type of 'individual determination' [Marin Torres] now seeks, presumably under a *Mathews*-type inquiry." *Banyee,* 115 F.4th at 933 (emphasis in original). Instead, the "bright-line rule" is that "the government can detain an alien for as long as deportation proceedings are still *pending*." *Id.* (citation modified) (emphasis in original). For Marin Torres, they are, so *Mathews* is of no help to him.

*Banyee* therefore dooms Marin Torres' procedural due process claim. His detention during removal proceedings is "constitutionally valid" because it has "a definite termination point"— removal or release. *See id.* at 931, 932. He is not entitled to habeas relief on procedural due process grounds.

None of Marin Torres' arguments to the contrary are persuasive. He makes a passing reference to *Rodriguez v. Ortega*, 2026 WL 1906557 (5th Cir. July 2, 2026), where a Fifth Circuit panel held that as a matter of due process, "the Government may detain aliens under Section

4

1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Id.* at *16. But as his citation to that opinion shows, it was *vacated* when the Fifth Circuit agreed to rehear the case en banc. *See Rodriguez v. Ortega*, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026) ("Pursuant to 5th Circuit Rule 41.3, the panel opinion in this case dated July 02, 2026, is VACATED."). What is more, even if the Court were to adopt that rule here, it would be of no help to Marin Torres: he has not been detained for ninety days.

Reliance out-of-circuit authorities like *Lopez-Campos v. Raycraft*, 175 F.4th 713, 733 (6th Cir. 2026) is also unavailing. This Court is not bound by those cases, even if they address the same issues. *See Iverson v. United States*, 973 F.3d 843, 847 (8th Cir. 2020) (out of circuit "decisions provide persuasive authority only"). The Court is, however, bound to apply *Banyee*. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003).

Finally, Marin Torres points to cases involving "certain kinds of civil detention" like *Addington v. Texas,* 441 U.S. 418 (1979). (Filing No. 1 at 11). But those cases are fundamentally different than this one—the plaintiffs in those cases were citizens. As the Court noted above, in the immigration context, "the government has *more* flexibility" when dealing with detention because Congress may constitutionally "make rules as to aliens that would be unacceptable if applied to citizens." *Banyee,* 115 F.4th at 931 (emphasis added) (citation omitted). One such rule "has been clear for decades: '[d]etention during deportation proceedings [i]s . . . constitutionally valid.'" *Id.* (quoting *Demore,* 538 U.S. at 523).

Marin Torres' substantive due process claim fares no better. He says his "detention substantively violates his right to liberty from physical constrain[t] enumerated in the Constitution[.]" (Filing No. 1 at 3). At the outset, the Court notes that substantive and procedural due process are not exclusive concepts—"their protections often overlap." *Albright v. Oliver*, 510 U.S. 266, 301 (1994) (Stevens, J., dissenting). Cases like *Banyee* therefore "draw no explicit distinction between substantive and procedural due process." *Romero v. Brown*, 2026 WL 1021455, at *6 (S.D. Iowa Apr. 15, 2026). Thus, Marin Torres' substantive due process claim fails for many of the reasons the Court outlined above—i.e., removal proceedings are pending and "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Banyee,* 115 F.4th at 931 (citation modified) (quoting *Demore,* 538 U.S. at 526).

5

Marin Torres' substantive due process claim is also deficient for other, independent reasons. To determine whether an asserted right or liberty is "fundamental" and thus warrants protection as a substantive-due-process right under the Fifth Amendment, the Court (1) "insists on a 'careful description of the asserted fundamental liberty interest,'" and (2) "stresses that 'the Due Process Clause specially protects' only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Munoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)). For Marin Torres, that is a "heavy lift[.]" *Leiva v. Berg*, 2026 WL 948430, at *5 (D. Neb. Apr. 8, 2026); *see Munoz*, 602 U.S. at 911 ("[I]t would be remarkable to put the Government to the most demanding test in constitutional law in the field of immigration, an area unsuited to rigorous judicial oversight."). Marin Torres cannot clear either hurdle.

*First*, he failed to "careful[ly] descr[ibe]" his asserted fundamental liberty interest. *Munoz*, 602 U.S. at 910. It is unclear what his asserted fundamental liberty interest really is. He asserts a "right to liberty from physical constrain[t]," but "[a]t bottom, that is a claim to a right of release into the country, without lawful admission, while removal proceedings are pending." *Romero*, 2026 WL 1021455, at *7. There is no such constitutional right. *See, e.g., Leiva*, 2026 WL 1021455, at *5; *Bushuev v. Immigr. & Customs Enf't - Enf't & Removal Operations*, 2026 WL 352873, at *3 (E.D. Mo. Feb. 9, 2026). *Second,* Marin Torres makes no attempt to show his purported fundamental right—whatever it may be—is "deeply rooted in this Nation's history and tradition." *Munoz*, 602 U.S. at 911 (quoting *Glucksberg*, 521 U.S. at 721). His substantive due process claim therefore fails.

In sum, while *Avila* does not foreclose Marin Torres' constitutional claims, other Supreme Court and Eighth Circuit precedent does. Thus, his petition for a writ of habeas corpus will be denied.

Accordingly,

6

**IT IS ORDERED:**

1.  Petitioner Jose Francisco Marin Torres' petition for a writ of habeas corpus (Filing No. 1) is denied.

2.  Petitioner's complaint for preliminary injunctive relief is dismissed.

3.  A separate judgment will be entered.

Dated this 22nd day of July, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge